## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | 25 CR 420 |
| v. | ) | |
| | ) | Judge Daniel P. McLaughlin |
| FRANCISCO ACEVEDO-CALDERA | ) | |

### DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE

Defendant Francisco Acevedo-Caldera, by the Federal Defender Program and its attorney BENJAMIN HORWITZ, respectfully requests that this Court release Mr. Acevedo-Caldera on bond pursuant to the Bail Reform Act, 18 U.S.C. § 3142 and *United States v. Salerno*, 481 U.S. 739 (1987). In further support of this motion, Defendant states as follows:

### PROCEDURAL HISTORY

1. On July 30, 2025, Mr. Acevedo-Caldera was charged in a three-count indictment for assaulting a federal officer. ECF #8.

2. On July 28, 2025, Mr. Acevedo-Caldera was arrested and made his initial court appearance in the Northern District of Illinois. The government moved for detention under 18 U.S.C. § 3141(f)(2). On that date, Mr. Acevedo-Caldera waived the bond-determination hearing without prejudice. This request was granted with the Court's express permission to raise the issue of detention at any time.

3. Mr. Acevedo-Caldera remains in the custody of the U.S. Marshals.

1

## ARGUMENT

"[I]n our society liberty is the norm, and detention prior to trial… is the carefully limited exception." *United States v. Salerno*, 481 U.S. 739, 755 (1987). This presumption of release is encapsulated in the Bail Reform Act, 18 U.S.C. §3142.[1] A defendant cannot be detained "unless a finding is made that no release conditions 'will reasonably assure… the safety of the community'" and the defendant's appearance in court. *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986) (quoting §3142(e)).

It is the government's burden to prove that detention is necessary. *See* 18 U.S.C. § 3142(f). To justify detention based on a risk of flight, the government must prove by a preponderance of the evidence that there are no conditions that would reasonably assure the defendant's presence. *See, e.g., United States v. Portes*, 786 F.2d 758, 765 (7th Cir. 1985). Here, detention is not warranted under any provision of the Bail Reform Act, including the concern of being a serious risk of flight.

## I.     Mr. Acevedo-Caldera is a long-time Chicago resident with strong family ties to the Chicagoland area.

Mr. Acevedo-Caldera is 39 years old with longstanding ties to greater Chicago. Mr. Acevedo-Caldera has three children, who are six, ten, and seventeen

---

[1] The statute states that the Court "shall order" pretrial release, §3142(b), except in certain narrow circumstances. Even if the Court determines under §3142(c) that an unsecured bond is not sufficient, the Court "shall order" release subject to "the least restrictive further condition[s]" that will "*reasonably assure*" the defendant's appearance in court and the safety of the community. § 3142(c)(1) (emphasis added). Under this statutory scheme, "it is only a 'limited group of offenders' who should be detained pending trial." *United States v. Shakur*, 817 F.2d 189, 195 (2d Cir. 1987) (quoting S. Rep. No. 98-225, at 7 (1984), *as reprinted in* 1984 U.S.C.C.A.N. 3182, 3189); *see also United States v. Byrd*, 969 F.2d 106, 109 (5th Cir. 1992) ("There can be no doubt that this Act clearly favors nondetention.").

years old. Mr. Acevedo-Caldera and his wife are currently separated but communicate and co-parent amicably. Mr. Acevedo-Caldera has a number of extended family members in the greater Chicago area, including his cousin (Andres Acevedo) with whom Mr. Acevedo-Caldera was living at the time of his arrest.

Upon Mr. Acevedo-Caldera's release, Mr. Acevedo-Caldera's uncle, Andres Acevedo, Sr., and his aunt, Adriana Acevedo, plan to welcome Mr. Acevedo-Caldera into their home. Mr. Acevedo-Caldera will be able to live with them for the pendency of this case. Andres and Adriana have a 5-bedroom home in Joliet, Illinois where they live with their three children. Andres and Adriana work full-time to support themselves and their family, and they have the means to take in Mr. Acevedo-Caldera. Though the government questions Mr. Acevedo-Caldera's willingness to appear in court, it appears that even Mr. Acevedo-Caldera's strong local support network has strong ties to this district.

Despite Mr. Acevedo-Caldera's ICE detainer and his alleged lack of immigration status in this country, Mr. Acevedo-Caldera's ties to this district are no less strong than those of any citizen. At the time of his arrest, Mr. Acevedo-Caldera had been living with his family in Aurora for approximately 12 years. Before his arrest, Mr. Acevedo-Caldera worked 70 hours per week for T and A Towing in Carol Stream, Illinois. Prior to that, Mr. Acevedo-Caldera was working for his father-in-law's trucking company in the Aurora and Chicago area. Mr. Acevedo-Caldera's family, career, and adult life are here in Northern Illinois. These strong, longstanding personal and professional connections are evidence that Mr. Acevedo-

3

Caldera is not a serious risk of flight.

## II.    The government's concern under 18 U.S.C. § 3142(f)(2) lacks an adequate basis in fact.

The government has indicated its concern of a risk of obstruction or intimidation under 18 U.S.C. § 3142(f)(2)(B). There is nothing in Mr. Acevedo-Caldera's history or conduct in this case to support this claim. Mr. Acevedo-Caldera has never been accused of witness tampering, obstruction of justice, or contempt of court. There is insufficient evidence to support a need for detention under 18 U.S.C. § 3142(f)(2)(B).

The government's concern regarding a serious risk of flight is similarly unfounded. "The plain import of the term 'flight' connotes an intentional act by a defendant to evade criminal prosecution by leaving the jurisdiction." *United States v. Storme*, 83 F.4th 1078, 1083 (7th Cir. 2023). Mr. Acevedo-Caldera has a nearly perfect record of court attendance stretching back almost a decade. Although he missed a traffic court date this past January, there is no indication that that absence was a volitional attempt to avoid prosecution. Looking backward, Mr. Acevedo's next most-recent court absence was in February of 2016. Notably, the 2016 case was also a traffic case in which Mr. Acevedo-Caldera went on to successfully complete a term of court supervision.

Mr. Acevedo-Caldera's home, wife, children, and career are in the Chicagoland area. He understands the seriousness of his federal charges and how failing to appear in federal court would have severe consequences. He does not pose

4

a serious risk of flight or a serious risk of obstruction of justice or intimidation towards a prospective witness or juror, and thus his appearance is reasonably assured.

## III.    Mr. Acevedo-Caldera should be released on bond with conditions.

The following conditions of release under §3142(c)(1)(B), and any other conditions the Court deems necessary, will reasonably assure Mr. Acevedo-Caldera's appearance in court and the safety of the community:

a. The defendant must not violate any state, federal, or local law while on release.
b. The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.
c. The defendant must advise the court or pretrial services office or supervising officer in writing before making any change of residence or telephone number.
d. The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.
e. The defendant must submit to supervision by and report for supervision to the Pretrial Services Office.
f. The defendant must surrender any passport to Pretrial Services.
g. The defendant must not obtain a passport or other international travel document.

## CONCLUSION

Release here is warranted. The government cannot meet its burden of showing that there is no combination of conditions that will reasonably assure Mr. Acevedo-Caldera's appearance in court.

WHEREFORE, for all the foregoing reasons, it is respectfully requested that

Mr. Acevedo-Caldera be released with appropriate conditions.


Respectfully submitted,

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director


By: *s/ Benjamin Horwitz*
    Benjamin Horwitz

BENJAMIN HORWITZ
FEDERAL DEFENDER PROGRAM
55 E. Monroe, Suite 2800
Chicago, IL 60603
(312) 621-2030

6

## CERTIFICATE OF SERVICE

The undersigned, <u>Benjamin Horwitz,</u> attorney with the Federal Defender Program hereby certifies that in accordance with FED.R.CRIM. P. 49, FED. R. CIV. P5, LR5.5, and the General Order on Electronic Case Filing (ECF), the following document(s):

## DEFENDANT'S MOTION FOR PRE-TRIAL RELEASE

was served pursuant to the district court's ECF system as to ECF filings, if any, and were sent by first-class mail/hand delivery on <u>August 8, 2025</u>, to counsel/parties that are non-ECF filers.

FEDERAL DEFENDER PROGRAM
John F. Murphy
Executive Director


By: <u>*s/Benjamin Horwitz*</u>
    Benjamin Horwitz


BENJAMIN HORWITZ
Federal Defender Program
55 E. Monroe St., Suite 2800
Chicago, IL 60603
(312) 621-2030