UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | No. 25 CR 420 |
| v. | Judge Jeremy C. Daniel |
| FRANCISCO JAVIER ACEVEDO-CALDERA | |

## PLEA AGREEMENT

1.     This Plea Agreement between the United States Attorney for the Northern District of Illinois, ANDREW S. BOUTROS, and defendant FRANCISCO JAVIER ACEVEDO-CALDERA, and his attorney, BEN HORWITZ, is made pursuant to Rule 11 of the Federal Rules of Criminal Procedure and is governed in part by Rule 11(c)(1)(A), as more fully set forth below. The parties to this Agreement have agreed upon the following:

### Charges in This Case

2.     The indictment in this case charges defendant with assault of a federal employee while inflicting bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b) (Count 1); assault of a federal employee, in violation of Title 18, United States Code, Section 111(a)(1) (Count 2); and assault of an individual assisting federal employees while inflicting bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b) (Count 3).

3.     Defendant has read the charges against him contained in the indictment, and those charges have been fully explained to him by his attorney.

4.     Defendant fully understands the nature and elements of the crimes with which he has been charged.

### Charge to Which Defendant Is Pleading Guilty

5.     By this Plea Agreement, defendant agrees to enter a voluntary plea of guilty to the following counts of the indictment: Count 1, which charges defendant with assault of a federal employee and inflicting bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

### Factual Basis

6.     Defendant will plead guilty because he is in fact guilty of the charges contained in Count 1 of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt. For purposes of computing his sentence under Guideline § 1B1.2, defendant further stipulates to having committed the following additional offenses:

Count 1

On or about July 17, 2025, at St. Charles, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, United States Immigration and Customs Enforcement Officer A, an officer and employee of the United States, while Officer A was engaged in the performance of official duties, and defendant's acts involved physical contact with Officer A and

inflicted bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

Stipulated Offense 1

On or about July 17, 2025, at St. Charles, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault, resist, oppose, impede, intimidate, and interfere with a person designated in Title 18, United States Code, Section 1114, namely, United States Immigration and Customs Enforcement Officer B, an officer and employee of the United States, while Officer B was engaged in the performance of official duties, and defendant's acts involved physical contact with Officer B, in violation of Title 18, United States Code, Section 111(a)(1).

Stipulated Offense 2

On or about July 17, 2025, at St. Charles, in the Northern District of Illinois, Eastern Division, defendant did forcibly assault, resist, oppose, impede, intimidate, and interfere with persons designated in Title 18, United States Code, Section 1114, namely, Kane County Sheriff's Deputy A, a person assisting officers and employees of the United States in the performance of official duties, namely, United States Immigration and Customs Enforcement Officers A and B, while Officers A and B were engaged in the performance of official duties, and defendant's acts involved physical contact with Kane County Sheriff's Deputy A and inflicted bodily injury, in violation of Title 18, United States Code, Section 111(a)(1) and (b).

<u>Facts Applicable to Count 1 and Stipulated Offenses 1 and 2</u>

On July 17, 2025, at approximately 1:05 p.m., defendant was released from state custody in Kane County. At the time of defendant's release, Officers A and B, Enforcement and Removal Officers with United States Immigration and Customs Enforcement, were waiting inside the Kane County Sheriff's Department lobby. Officers A and B approached defendant. Officer B identified himself as an Immigration Officer and advised defendant that Officer B had a warrant for defendant's arrest.

Defendant began shouting profanities and walking away from Officers A and B. Defendant then threatened to "knock out" Officer B and clenched his left fist. Kane County Sheriff's Deputy A approached defendant and took him down to the ground. Officers A and B assisted Deputy A and eventually placed defendant in handcuffs. During the struggle, defendant bit Deputy A on the hand. Defendant continued to resist after the officers placed him in handcuffs. When Officer B attempted to place defendant in leg irons, defendant kicked Officer B in the left knee. When officers escorted defendant to the exit doors, defendant threw his head back and headbutted Officer A, bruising Officer A's eye.

## **Maximum Statutory Penalties**

7.     Defendant understands that the charge to which he is pleading guilty carries the following statutory penalties:

4

a.     A maximum sentence of 20 years' imprisonment. This offense also carries a maximum fine of $250,000. Defendant further understands that the judge also may impose a term of supervised release of not more than three years.

b.     Defendant further understands that the Court must order restitution to the victims of the offense in an amount determined by the Court. The Court also may order restitution to any persons as agreed by the parties.

c.     Pursuant to Title 18, United States Code, Section 3013, defendant will be assessed $100 on each count to which he has pled guilty, in addition to any other penalty imposed.

### Sentencing Guidelines Calculations

8.     Defendant understands that, in determining a sentence, the Court is obligated to calculate the applicable Sentencing Guidelines range, and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. § 3553(a), which include: (i) the nature and circumstances of the offense and the history and characteristics of the defendant; (ii) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (iii) the kinds of sentences available; (iv) the need to avoid unwarranted sentence disparities

among defendants with similar records who have been found guilty of similar conduct; and (v) the need to provide restitution to any victim of the offense.

9. For purposes of calculating the Sentencing Guidelines, the government's position as of the date of this Agreement is as follows:

a. **Applicable Guidelines.** The Sentencing Guidelines to be considered in this case are those in effect at the time of sentencing. The following statements regarding the calculation of the Sentencing Guidelines are based on the Guidelines Manual currently in effect, namely the November 1, 2025 Guidelines Manual.

b. **Offense Level Calculations.**

Count 1

i. The base offense level for Count 1 is 10, pursuant to Guideline § 2A2.4(a).

ii. Pursuant to Guideline § 2A2.4(b)(1)(A), the offense level for Count 1 is increased by three levels because the offense involved physical contact.

iii. Pursuant to Guideline § 2A2.4(b)(2), the offense level for Count 1 is increased by two levels because the victim sustained bodily injury.

iv. Therefore, the adjusted offense level for Count 1 is 15.

Stipulated Offense 1

v. The base offense level for Stipulated Offense 1 is 10, pursuant to Guideline § 2A2.4(a).

6

vi.     Pursuant to Guideline § 2A2.4(b)(1)(A), the offense level for Stipulated Offense 1 is increased by three levels because the offense involved physical contact.

vii.    Therefore, the adjusted offense level for Stipulated Offense 1 is 13.

Stipulated Offense 2

viii.   The base offense level for Stipulated Offense 2 is 10, pursuant to Guideline § 2A2.4(a).

ix.     Pursuant to Guideline § 2A2.4(b)(1)(A), the offense level for Stipulated Offense 2 is increased by three levels because the offense involved physical contact.

x.      Pursuant to Guideline § 2A2.4(b)(2), the offense level for Stipulated Offense 2 is increased by two levels because the victim sustained bodily injury.

xi.     Therefore, the adjusted offense level for Stipulated Offense 2 is 15.

Grouping

xii.    Pursuant to Guideline § 3D1.2(d), Count 1, Stipulated Offense 1, and Stipulated Offense 2 do not group.

xiii.   Pursuant to Guideline § 3D1.4(a), Count 1 counts as one unit because it has the highest offense level.

xiv. Pursuant to Guideline § 3D1.4(a), Stipulated Offense 1 and Stipulated Offense 2 each count as one additional unit because they are either equally serious or 1 to 4 levels less serious than Count 1.

xv. Pursuant to Guideline § 3D1.4, there are three units, which results in a three-level increase.

xvi. Therefore, the total combined offense level is 18.

<u>Acceptance of Responsibility</u>

xvii. The government understands that defendant will truthfully admit the conduct comprising the offense of conviction, and truthfully admit or not falsely deny any additional relevant conduct for which the defendant is accountable under Guideline § 1B1.3. Therefore, based upon facts now known to the government, defendant has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for his criminal conduct. If the government does not receive additional evidence in conflict with this provision, and if defendant continues to accept responsibility for his actions within the meaning of Guideline § 3E1.1(a), including by furnishing the United States Attorney's Office and the Probation Office with all requested financial information relevant to his ability to satisfy any fine that may be imposed in this case, a two-level reduction in the offense level is appropriate.

xviii. In accord with Guideline § 3E1.1(b), defendant has timely notified the government of his intention to enter a plea of guilty, thereby permitting

the government to avoid preparing for trial and permitting the Court to allocate its resources efficiently. Therefore, as provided by Guideline § 3E1.1(b), if the Court determines the offense level to be 16 or greater prior to determining that defendant is entitled to a two-level reduction for acceptance of responsibility, the government will move for an additional one-level reduction in the offense level.

      **c.**    **Criminal History Category.** With regard to determining defendant's criminal history points and criminal history category, based on the facts now known to the government, defendant's criminal history points equal zero and defendant's criminal history category is I.

      i.    On or about June 27, 2005, defendant was convicted of operating an uninsured motor vehicle in the Circuit Court of DuPage County, Illinois and sentenced to fees. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

      ii.    On or about February 17, 2006, defendant was convicted of driving without having been issued a license in the Circuit Court of DuPage County, Illinois and sentenced to five days in jail. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

      iii.    On or about February 24, 2006, defendant was convicted of unlawful transport of a weapon in the Circuit Court of Kane County, Illinois and sentenced to fines and costs. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

iv.     On or about February 15, 2007, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to fees. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

v.     On or about July 12, 2007, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to fees. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

vi.     On or about December 3, 2007, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to fees. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

vii.     On or about February 20, 2008, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to fees. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

viii.     On or about May 22, 2008, defendant was convicted of unlawful use of identification in the Circuit Court of Kane County, Illinois and sentenced to 6 days of periodic imprisonment and 17 months' probation. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

ix.     On or about April 30, 2010, defendant was convicted of driving under the influence of alcohol in the Circuit Court of Kane County, Illinois and sentenced to 18 months' supervision. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

x.      On or about September 20, 2013, defendant was convicted of driving on a suspended license in the Circuit Court of Kane County, Illinois and sentenced to supervision. Pursuant to Guideline § 4A1.2(e), defendant does not receive criminal history points for this sentence.

xi.     On or about August 10, 2015, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to 11 months' conditional discharge. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

xii.    On or about April 8, 2016, defendant was convicted of driving on a suspended license in the Circuit Court of DuPage County, Illinois and sentenced to six months' supervision. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

xiii.   On or about March 10, 2023, defendant was convicted of driving without a commercial driver's license in the Circuit Court of DuPage County, Illinois and sentenced to six months' supervision. Pursuant to Guideline § 4A1.2(c)(1), defendant does not receive criminal history points for this sentence.

**d. Anticipated Advisory Sentencing Guidelines Range.**
Therefore, based on the facts now known to the government, the government anticipates the offense level to be 15 which, when combined with the anticipated criminal history category of I, results in an anticipated advisory sentencing guidelines range of 18 to 24 months' imprisonment, in addition to any supervised release and fine the Court may impose.

e. Defendant and his attorney and the government acknowledge that the guidelines calculations set forth in this Agreement are preliminary in nature, and are non-binding predictions upon which neither party is entitled to rely. Defendant understands the above calculations are based on information now known to the government and that further review of the facts or applicable legal principles may lead the government to change its position on the guidelines calculations. Defendant understands that the Probation Office will conduct its own investigation and that the Court ultimately determines the facts and law relevant to sentencing, and that the Court's determinations govern the final guideline calculation. Accordingly, the validity of this Agreement is not contingent upon the defendant's, the probation officer's, or the Court's concurrence with the above calculations, and defendant shall not have a right to withdraw his plea on the basis of a change in the government's position on the guideline calculations or the Court's rejection of these calculations.

10.     Both parties expressly acknowledge that this Agreement is not governed by Fed. R. Crim. P. 11(c)(1)(B), and that errors in applying or interpreting any of the sentencing guidelines may be corrected by the government prior to sentencing. The government may correct these errors by a statement to the Probation Office or the Court, setting forth any changes in the government's position regarding the guidelines calculations. The validity of this Agreement will not be affected by such corrections, and defendant shall not have a right to withdraw his plea on the basis of such corrections.

### Agreements Relating to Sentencing

11.     Each party is free to recommend whatever sentence it deems appropriate.

12.     It is understood by the parties that the sentencing judge is neither a party to nor bound by this Agreement and may impose a sentence up to the maximum penalties as set forth above. Defendant further acknowledges that if the Court does not accept the sentencing recommendation of the parties, defendant will have no right to withdraw his guilty plea.

13.     Regarding restitution, defendant acknowledges that pursuant to Title 18, United States Code, Section 3663A, the Court must order defendant to make full restitution to United States Immigration and Customs Enforcement Officer A in an amount to be determined by the Court at sentencing, which amount shall reflect credit for any funds repaid prior to sentencing. Defendant also agrees to pay

additional restitution to United States Immigration and Customs Enforcement Officer B and Kane County Sheriff's Deputy A, arising from the stipulated offense conduct set forth above, in an amount to be determined by the Court at sentencing, pursuant to Title 18, United States Code, Sections 3663(a)(3) and 3664.

14.     Restitution shall be due immediately and paid pursuant to a schedule to be set by the Court at sentencing. Defendant acknowledges that pursuant to Title 18, United States Code, Section 3664(k), he is required to notify the Court and the United States Attorney's Office of any material change in economic circumstances that might affect his ability to pay restitution.

15.     Defendant agrees to pay the special assessment of $100 at the time of sentencing with a cashier's check or money order payable to the Clerk of the U.S. District Court.

16.     Defendant agrees that the United States may enforce collection of any fine or restitution imposed in this case pursuant to Title 18, United States Code, Sections 3572, 3613, and 3664(m), and Title 31, United States Code, Sections 3711, 3716, and 3728, notwithstanding any payment schedule set by the Court. In the event of the death or dissolution of, or the government's inability to locate the named recipient(s) of restitution in the Judgment and Commitment Order, the defendant agrees to not oppose efforts by the government to obtain an order substituting as payee a representative of the victim's estate, another family member, or any other

person or successor entity appointed as suitable by the court, or the Crime Victims Fund.

17. After sentence has been imposed on the count to which defendant pleads guilty as agreed herein, the government will move to dismiss the remaining counts of the indictment as to defendant.

## Acknowledgments and Waivers Regarding Plea of Guilty

### Nature of Agreement

18. This Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability in case 25 CR 420.

19. This Agreement concerns criminal liability only. Except as expressly set forth in this Agreement, nothing herein shall constitute a limitation, waiver, or release by the United States or any of its agencies of any administrative or judicial civil claim, demand, or cause of action it may have against defendant or any other person or entity. The obligations of this Agreement are limited to the United States Attorney's Office for the Northern District of Illinois and cannot bind any other federal, state, or local prosecuting, administrative, or regulatory authorities, except as expressly set forth in this Agreement.

### Waiver of Rights

20. Defendant understands that, by pleading guilty, he surrenders certain rights, including the following:

a.    **Trial rights**. Defendant has the right to persist in a plea of not guilty to the charges against him, and if he does, he would have the right to a public and speedy trial.

i.    The trial could be either a jury trial or a trial by the judge sitting without a jury. However, in order that the trial be conducted by the judge sitting without a jury, defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

ii.    If the trial is a jury trial, the jury would be composed of twelve citizens from the district, selected at random. Defendant and his attorney would participate in choosing the jury by requesting that the Court remove prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges.

iii.    If the trial is a jury trial, the jury would be instructed that defendant is presumed innocent, that the government has the burden of proving defendant guilty beyond a reasonable doubt, and that the jury could not convict him unless, after hearing all the evidence, it was persuaded of his guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately. The jury would have to agree unanimously as to each count before it could return a verdict of guilty or not guilty as to that count.

iv.    If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering

each count separately, whether or not the judge was persuaded that the government had established defendant's guilt beyond a reasonable doubt.

v.     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them.

vi.     At a trial, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court. A defendant is not required to present any evidence.

vii.     At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

b.     **Appellate rights.** Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial, and may only appeal the validity of this plea of guilty and the sentence imposed. Defendant understands that any appeal must be filed within 14 calendar days of the entry of the judgment of conviction.

21.     Defendant understands that, by pleading guilty, he is waiving all the rights set forth in the prior paragraphs, with the exception of the appellate rights

specifically preserved above. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights.

### Presentence Investigation Report/Post-Sentence Supervision

22.     Defendant understands that the United States Attorney's Office in its submission to the Probation Office as part of the Pre-Sentence Report and at sentencing shall endeavor to ensure that the relevant facts and sentencing factors, as applied to the facts, are brought to the District Court's attention fully and accurately, including facts related to the defendant's criminal conduct and related conduct, and any relevant information concerning the defendant's background, character, and conduct that the District Court may consider under 18 U.S.C. § 3661 in imposing a sentence.

23.     Defendant agrees to truthfully and completely execute a Financial Statement (with supporting documentation) prior to sentencing, to be provided to and shared among the Court, the Probation Office, and the United States Attorney's Office regarding all details of his financial circumstances, including his recent income tax returns as specified by the probation officer. Defendant understands that providing false or incomplete information, or refusing to provide this information, may be used as a basis for denial of a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1 and enhancement of his sentence for obstruction of justice under Guideline § 3C1.1, and may be prosecuted as a violation of Title 18, United States Code, Section 1001 or as a contempt of the Court.

24. For the purpose of monitoring defendant's compliance with his obligations to pay a fine and restitution during any term of supervised release or probation to which defendant is sentenced, defendant further consents to the disclosure by the IRS to the Probation Office and the United States Attorney's Office of defendant's individual income tax returns (together with extensions, correspondence, and other tax information) filed subsequent to defendant's sentencing, to and including the final year of any period of supervised release or probation to which defendant is sentenced. Defendant also agrees that a certified copy of this Agreement shall be sufficient evidence of defendant's request to the IRS to disclose the returns and return information, as provided for in Title 26, United States Code, Section 6103(b).

## Other Terms

25. Defendant agrees to cooperate with the United States Attorney's Office in collecting any ordered fine and restitution for which defendant is liable, including providing financial statements and supporting records as requested by the United States Attorney's Office.

26. Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which defendant is pleading guilty. Indeed, because defendant is pleading guilty to an offense that is an "aggravated felony" as that term is defined in Title 8, United

States Code, Section 1101(a)(43), removal is presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including his attorney or the Court, can predict to a certainty the effect of his conviction on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his guilty plea may entail, even if the consequence is his automatic removal from the United States.

## Conclusion

27.     Defendant understands that this Agreement will be filed with the Court, will become a matter of public record, and may be disclosed to any person.

28.     Defendant understands that his compliance with each part of this Agreement extends throughout the period of his sentence, and failure to abide by any term of the Agreement is a violation of the Agreement. Defendant further understands that in the event he violates this Agreement, the government, at its option, may move to vacate the Agreement, rendering it null and void, and thereafter prosecute defendant not subject to any of the limits set forth in this Agreement, or may move to resentence defendant or require defendant's specific performance of this Agreement. Defendant understands and agrees that in the event that the Court permits defendant to withdraw from this Agreement, or defendant breaches any of its terms and the government elects to void the Agreement and prosecute defendant, any prosecutions that are not time-barred by the applicable statute of limitations on

the date of the signing of this Agreement may be commenced against defendant in accordance with this paragraph, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement of such prosecutions.

29. Should the judge refuse to accept defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound to it.

30. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

31. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.

AGREED THIS DATE: *January 8, 2026*

CHRISTINE O'NEILL
Digitally signed by CHRISTINE O'NEILL
Date: 2026.01.03 13:18:41 -06'00'
_____
Signed by Christine O'Neill on behalf of
ANDREW S. BOUTROS
United States Attorney

_____
SARAH FINCH
Special Assistant U.S. Attorney

_____
FRANCISCO JAVIER ACEVEDO-
CALDERA
Defendant

_____
BEN HORWITZ
Attorney for Defendant

21